CULPEPPER, Judge
(dissenting).
The only substantial issue in this case is whether the defendant motorist should have observed Mrs. Venero’s position of peril in time to avoid striking her. This is solely a question of fact. There is clearly sufficient evidence in the record to support the trial judge’s finding that the motorist could not, with reasonable care, have observed Mrs. Venero.
At the outset, the majority decision states that it “was not yet dark”. The facts, as shown by the record, and stated by the trial judge in his written opinion, are that it was 5:30 p. m. on December 14; all of the witnesses said that it was “dusk dark”; and all of the automobiles had their lights on. Anyone who has driven an automobile at “dusk dark” knows it is very difficult to see at this time.
The majority opinion quotes a portion of the testimony of the defendant motorist, Miss Berry, in which she said she was not “definitely blinded” by the lights of the oncoming car driven by Mrs. Lees. A reading of the testimony of Miss Berry as a whole shows she meant she was not “completely blinded” by the lights. She made it clear in other portions of her testimony that the blinding lights did cause her to fail to see Mrs. Venero. At Tr. 148 she said:
“Q. Did the lights of the other car interfere with your vision in any way?
A. Well I was watching that car and because of the lights — probably they did, yes sir, I’m sure that they had something to do with the fact that I didn’t see what was on the side of the road.”
*847 The decision of the majority implies that Mrs. Jewel Smith, who was following Miss Berry’s automobile, saw Mrs. Venero on the paved portion of the highway, and therefore Miss Berry should also have seen her. Actually, Mrs. Smith testified insistently that when she saw Mrs. Venero she was walking “on the sidewalk, or gravel, there is not a sidewalk there.” At the trial, Mrs. Venero tried to show she was walking along the shoulder. The trial judge simply did not believe Mrs. Smith, or Mrs. Venero or Corinna Grace (Mrs. Venero’s employee) because he found as a fact that Mrs. Venero was walking on the paved portion of the highway. The trial judge certainly had a right to evaluate this testimony as to the credibility and might well have concluded that Mrs. Smith did not even see Mrs. Venero.
As to the testimony of Mrs. Lees, the majority decision implies she saw Mrs. Venero for a long period of time, walking along the pavement, and hence that Miss Berry also should have seen her. Actually, Mrs. Lees said she saw Mrs. Venero “just long enough to realize that it was someone and then she had been hit.” The trial judge could reasonably have concluded from the evidence that Mrs. Lees saw plaintiff at about the same time as Miss Berry, at which time, of course, it was too late to avoid the accident
Generally speaking, this case involves a pedestrian, who was clearly negligent in walking in the dark, on the edge of the paved portion of the highway, wearing dark clothing, in an area where there was considerable traffic. Under the doctrine of last clear chance, she seeks to recover from a motorist who was driving at a reasonable speed, in her proper lane and observing the heavy traffic and the road ahead as best she could under the circumstances. Miss Berry was unquestionably partially blinded by the lights of the oncoming vehicle which she had to watch in this congested traffic. Under the circumstances, the trial judge found as a fact it would be unreasonable to expect the average motorist to have the remarkable powers of observation required to see Mrs. Venero in time to stop. This finding of fact was clearly within the province of the trial judge’s discretion. I can’t agree that he was manifestly erroneous.
For the reasons stated, I respectfully dissent